IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| CHANTEL RAY FINCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18cv284 |
| | ) | |
| WEIGH DOWN WORKSHOP | ) | |
| MINISTRIES, INC., | ) | |
| GWEN SHAMBLIN, and | ) | |
| "WEIGH DOWN MINISTRIES," | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION & ORDER

THIS MATTER comes before the Court on Weigh Down Workshop Ministries, Inc.'s ("Weigh Down"); Gwen Shamblin's ("Shamblin"); and "Weigh Down Ministries"'s ("WDM") (collectively, "Defendants'") Motion to Transfer Venue to the Middle District of Tennessee (the "Motion"), filed on June 25, 2018. Doc. 3. The Court held a hearing on this matter on February 7, 2019. For the reasons set forth herein, the Court **DENIES** the motion.

## BACKGROUND[1]

This declaratory judgment-copyright case arises out of a dispute as to whether Plaintiff's weight-loss book, titled *Waist Away the Chantel Ray Way*, infringes on the weight-loss books published by Defendants. Plaintiff's book provides advice to readers on weight loss and a

---

[1] The Court cautions that the facts recited here are for the limited purpose of deciding the instant Motion to Dismiss. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

1

healthier life. Doc. 1 ("Compl.") ¶ 11. Defendants own rights to evidently similar weight-loss books. Doc. 3-1 ¶¶ 7-8.[2]

Plaintiff lives and works in Virginia Beach, Virginia. Doc. 8 ("Finch Decl.") ¶ 2. Plaintiff claims that, in her book, she describes her personal struggle with weight loss and her interviews with over 1,000 "thin women." Compl. ¶ 10. She claims that she conducted these interviews, researched the majority of her relevant information, and wrote the majority of her book in Virginia Beach. Finch Decl. ¶¶ 6-7. She claims that she wrote and published this book in 2017 and did not discover Defendants' materials until after she published her book. Compl. ¶ 9; Finch Decl. ¶ 8.

Defendants are businesses organized under the laws of Tennessee with their principle place of business in the Middle District of Tennessee. Doc. 3-1 ¶ 3. Defendant Shamblin is a resident of the Middle District of Tennessee. Doc. 3-2 ¶ 2.

When Defendants learned of Plaintiff's work, Defendants issued a cease and desist letter ("the Letter") to Plaintiff, telling her that Defendants were aware of her work, claiming that she was infringing on their works, and asking her to stop her "infringing activities." Doc. 3-1 ¶ 8. Defendants claim that this is the only communication they had with Plaintiff prior to this lawsuit. Id. ¶ 9.

Rather than respond to the Letter, Plaintiff filed this declaratory judgment action, asking this Court to declare that she has not infringed on any copyrights owned by Defendants. Defendants filed this motion to transfer venue. Defendants argue that under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, this Court should transfer this lawsuit to the Middle District of Tennessee, Nashville Division. Doc. 3. at 1. In the Motion, Defendants ask only that

---
[2] Remnant Fellowship Church ("RFC") holds title to these books. Doc. 3-2 ¶ 3. RFC is the successor in interest of Weigh Down Ministries and does business as Weigh Down Ministries. In 2006, Gwen Shamblin, the author of two (2) of Defendants' works at issue in this case, assigned those works to RFC. Doc. 3-2 ¶ 3.

2

this Court transfer this case to the Middle District of Tennessee under rule 12(b)(3) and section 1406. Id. Plaintiff filed her response opposing the Motion on July 6, 2018. Doc. 7. Defendants filed their reply on July 12, 2018. On February 7, 2019, this Court held a hearing to hear oral arguments on the Motion.

## I. WHETHER VENUE IS PROPER IN THE EASTERN DISTRICT OF VIRGINIA.

The primary issue currently before the Court is whether venue is proper in the Eastern District of Virginia.

### A. LEGAL STANDARD

Venue in copyright cases is usually governed by 28 U.S.C. § 1400. However, because this is a declaratory judgment action, the general venue statute applies. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district if that district meets one of the following criteria:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under section 1391(b), venue can be proper in more than one judicial district. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). Unlike a motion to dismiss under rule 12(b)(6), when a court is ruling on a motion under rule 12(b)(3), it may consider matters outside of the pleadings. Caremark Therapeutic Services v. Leavitt, 405 F. Supp. 2d 454, 457 (S.D.N.Y. 2005).

When analyzing venue under subsection (b)(2), courts in this circuit review the "entire sequence of events underlying claim," rather than just reviewing the matters in dispute or those

events which directly lead to the lawsuit. Mitrano, 377 F.3d at 405 (rejecting the "weight of the contacts" venue test) (internal citations and quotations omitted).

**B.    DISCUSSION**

Plaintiff relies on 28 U.S.C. § 1391(b)(2) to establish proper venue. Doc. 7 at 3. She argues that this declaratory judgment action depends on her actions. Id. at 5. She argues that all the work she put into researching and writing her book constitutes a "substantial part" of the underlying claim. Id. Plaintiff also argues that the facts that she received the Letter in this District and that the Letter asks that she take action in this District bolsters her argument. Id. at 6. Plaintiff cites Smithfield Packing Co., Inc. v. Suarez & Co., Inc. as support. In that case, the court was faced with a venue challenge in a declaratory judgment and trademark infringement case. 857 F. Supp. 2d 581 (E.D. Va. 2012). The court looked to the actions of both defendants and plaintiffs in determining that there was a nexus between the district and the events of the claim. Id. at 586.

Defendant argues that receipt of a cease and desist letter is by itself insufficient to establish venue. Doc. 4 at 4-5. In support, Defendant cites Database Am., Inc. v. Bellsouth Advert. & Pub. Corp., which held that merely receiving a single cease and desist letter does not confer proper venue under section 1391(b)(2) in a declaratory judgment-copyright action. 825 F. Supp. 1195, 1225-26 (D.N.J. 1993). Defendant also cites Ashbourne v. Geithner, Civil Action Nos. RWT-11-2818, RWT-11-3199, RWT-11-3456, 2012 WL 2874012, *3 (D. Md. July 12, 2012) ("Plaintiff's argument that venue is established by merely sending a letter into a forum is unpersuasive.") (quoting Database), aff'd 491 Fed. Appx. 429 (4th Cir. 2012). Doc. 4 at 6-7. In their Response to Plaintiff's Opposition, Defendants argue that the Middle District of Tennessee has more substantial contacts with this case, and that the facts described in Plaintiff's Declaration are insufficient to give this District venue over the Middle District of Tennessee. Doc. 9 at 4-10.

Looking at the entire sequence of events underlying the claim in this case, the Court **FINDS** that a substantial part of the events giving rise to the claim occurred in this District. The Complaint makes a single claim for declaratory judgment for non-infringement of copyrighted works. The claim necessarily entails whether Plaintiff committed copyright infringement when she wrote her book. In other words, the claim before the Court is one which turns on whether Plaintiff copied protectable, original elements of Defendants' works. See Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). Therefore, the circumstances under which the second-in-time work, that is to say Plaintiff's work, are very important to resolving this case. Because Plaintiff researched her work, synthesized her work, and drafted her work in the Eastern District of Virginia, doc. 8 ¶¶ 3-7, a substantial part of the events leading to this case took place in the Eastern District of Virginia. Moreover, if there is evidence of Plaintiff infringing Defendants' copyrighted works, it is likely to be found in the Eastern District of Virginia, because Plaintiff did most of her work in this District.

The Court does not decide whether this District is <u>the</u> proper venue, but whether it is <u>a</u> proper venue. Under the current venue statute, multiple districts could have proper venue. Mitrano, 377 F.3d at 405. While the Middle District of Tennessee may well be a proper venue,[3] that does not change the fact that venue is appropriate in the Eastern District of Virginia. Accordingly, the Court **FINDS** that venue is proper in this District.

## II. WHETHER THIS CASE SHOULD BE TRASNFERED TO THE MIDDLE DISTRICT OF TENNESSEE.

Defendants ask that this Court transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1406. Much of their argument hinges on the premise that the Eastern District of Virginia

---

[3] The Court is not stating a finding that the Middle District of Tennessee is a proper venue. Because the Court **FINDS** that the Eastern District of Virginia is a proper venue and that transfer is not necessary, infra, the Court need not make an inquiry into the propriety of venue in Tennessee.

5

is an improper venue. See Docs. 3, 9. Consequently, much of the Plaintiff's argument is devoted to her assertion that venue in the Eastern District of Virginia is proper. See Doc. 7. After reviewing the papers and arguments, the Court is nonetheless prepared to decide the transfer question.

A. LEGAL STANDARD

A court may transfer a case to another judicial district when it finds that venue is improper, 28 U.S.C. § 1406, or when it finds that venue is proper but the interests of justice and convenience lean in favor of transfer, 28 U.S.C. § 1404. Because the Court **FOUND** that venue is proper in this District, transfer under section 1406 as Defendants request would be inappropriate. § 1406 (addressing transfer procedure when venue is improper). The Court will thus analyze the parties' arguments under section 1404 instead.

Section 1404 states that a court should consider "the convenience of parties and witnesses" and "the interest of justice." § 1404. Because a Plaintiff's choice of forum is accorded due weight, the analysis requires a balance of: (1) the plaintiff's choice of venue, (2) convenience of the parties and witnesses, and (3) the interests of justice. Smithfield, 857 F. Supp. 2d at 588.

B. DISCUSSION

*i. Plaintiff's Choice of Forum*

A plaintiff's choice of forum is entitled to substantial weight, even when that chosen forum is her home forum. Id. There is no evidence that the Plaintiff here has forum shopped or picked this forum in an attempt to prejudice Defendant or gain some improper advantage. Accordingly, the Court accords the Plaintiff's choice substantial weight, which counsels against transfer.

*ii. Convenience of the Parties and Witnesses*

Defendant's inconvenience in litigating this case in Virginia is not lost on the Court. Evidently, there are many witnesses and exhibits pertinent to Defendant's works located in the Middle District of Tennessee. See Doc. 9 at 6. However, witnesses and exhibits relevant to

6

Plaintiff's work are located here in the Eastern District of Virginia, and transferring the case to the Middle District of Tennessee would burden Plaintiff. Doc. 8 ¶¶ 11-19. Courts will not simply shift the burden of travel from one party to another. Smithfield 857 F. Supp. 2d at 588. Accordingly, the Court **FINDS** that the convenience of parties and witnesses counsels against transfer.

*iii. The Interests of Justice*

The interests of justice factor considers a variety of considerations, such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, [] the possibility of harassment," and the interest in having local controversies decided at home. Id. The parties do not argue much on these factors, and the Court **FINDS** that none of them weigh in favor of transfer.

Accordingly, this Court **DENIES** Defendant's Motion to Transfer this case to the Middle District of Tennessee.

### III. PERSONAL JURISDICTION.

At various points in their briefs, Defendants make passing claims that this Court lacks personal jurisdiction. Doc. 4 at 7; Doc. 9 at 9. Defendants do not make these peripheral claims as an independent basis for dismissal, rather Defendants make these points as supporting premises for their argument that the Eastern District of Virginia is an improper venue. See id. As Plaintiffs correctly point out, no motion to dismiss for want of personal jurisdiction has been raised or is pending. Doc. 7 at 7 n.1. In the Motion itself, Defendants do not raise a personal jurisdiction defense; instead, they make a conclusory claim in a footnote that such a defense is not waived and that they "reserve the right" file such a motion if the instant Motion is denied. Doc. 3 at 1 n.1.

7

The Court takes a moment to observe that any personal jurisdiction defense appears to be waived, notwithstanding the Defendants' footnote. It is well settled that a party is generally permitted only one motion under rules 12(b)(2)-(5). Fed. R. Civ. P. 12(g)(2); see also Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012) ("The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground."). When a party fails to raise a defense listed in rule 12(b)(2)-(5) – including personal jurisdiction – in its first responsive pleading, or its first rule 12 motion preceding any responsive paper, that defense is waived. Id. at R. 12(h)(1). Accordingly, when a party makes a motion under Rule 12(b)(3), but does not move to dismiss under rule 12(b)(2), the party waives objection to personal jurisdiction. Uffner v. La Reunion Fracaise, S.A., 244 F.3d 38, 40 (1st Cir. 2001); IHFC Properties, LLC v. APA Marketing, Inc., 850 F. Supp. 2d 604, 615 n.6 (M.D.N.C. 2012); Gen. Design Sign Co. v. Am. General Design, Inc., No. Civ. 3:02-cv-2298-H, 2003 WL 251931, at *1 (Jan. 31, 2003); see also Myers v. Am. Dental Ass'n, 695 F. 2d 716, 721 (3d Cir. 1982).

## CONCLUSION

Because the Court **FINDS** that a substantial portion of the events leading the instant claim took place in the Eastern District of Virginia, the Court **FINDS** that this District is an appropriate venue for this case. Because the interests of justice and the convenience of the parties and witnesses do not call for transfer, the Court **DENIES** Defendant's Motion to Transfer Venue, doc. 3.

It is **SO ORDERED.**

The Clerk is **REQUESTED** to deliver a copy of this Opinion and Order to counsel of record.

Norfolk, Virginia  
March 18, 2019

/s/  
Henry Coke Morgan, Jr.  
Senior United States District Judge  
HENRY COKE MORGAN, JR.  
SENIOR UNITED STATES DISTRICT JUDGE

9