**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**CHANTEL RAY FINCH,**

**Plaintiff,**

**Civil No. 2:18CV284**

**v.**

**GWEN SHAMBLIN,**

**and**

**REMNANT FELLOWSHIP CHURCH**

**RFC.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND IMPROPER EVIDENCE**

COMES NOW the Plaintiff, Chantel Ray Finch ("Ray"), by counsel, and in support of her Motion in Limine to Exclude Irrelevant and Improper Evidence, respectfully states as follows:

## INTRODUCTION

Counterclaim Plaintiff, Remnant Fellowship Church ("RFC"), brings its claims against Ray for copyright infringement, unfair competition, and breach of contract. RFC, as assignee of a book called *The Weigh Down Diet* ("*Weigh Down*") by Defendant Gwen Shamblin ("Shamblin"), claims that Ray infringed on its copyright when Ray published her book *Waist Away the Chantel Ray Way* ("*Waist Away*"). RFC's claim of unfair competition appear to be founded on alleged customer confusion, and RFC's claim of breach of contract is inextricably tied to its copyright claim.

According to RFC's website, *Weigh Down* is a "30-year-old, faith-based weight loss program [that] *re-established* the idea of turning to God for help - an *age-old concept* that had been

abandoned in the '60s, '70s and '80s." (Emphasis added.) *Weigh Down* is a collection of common-sense analogies and ideas that are largely common to the genre of weight loss for the faith-based and "inspirational" market. Many of Shamblin's "age-old" ideas that she "re-established" are fundamental building blocks necessary for anyone writing about faith-based weight loss. For example, many of *Weigh Down*'s ideas and principles can be found in the book *Thin Within* written by Judy Wardell in 1985, twelve years before Shamblin's work.

Ray published *Waist Away* in 2018 after personally interviewing over 1000 women. Ray's writing is heavily based upon these interviews, although she did perform due diligence by reading hundreds of weight loss books, including *Weigh Down*. Like Shamblin, Ray also discusses weight loss in the faith-based inspirational category, but that is where the material similarities between the two books end. Ray's work is significantly different in structure, principles, tone, and concept from *Weigh Down*. However, if one seeks long and hard enough, there are short words and phrases that are similar between the works. Such similarities and even identical phrases are neither remarkable nor surprising, and they certainly do not rise to the level of infringement.

For example, RFC claims that Shamblin originated the phrase "thin eater" in *Weigh Down* to refer to women who are naturally thin, and RFC's proffered "expert" spends the bulk of his expert report highlighting all of the times Shamblin uses this two-word phrase in *Weigh Down* and comparing Ray's use of the same two-word phrase in *Waist Away*. The problem with this is, of course, that one cannot copyright short words and phrases. Even if one could obtain a copyright in "thin eater" (and one cannot), one would have to at least be original in citing it. But, like so many other short words and phrases, Shamblin was not the first one to use this phrase – indeed, at least seven other works published ***before*** *Weigh Down* use this phrase.

Other examples of unoriginal, unremarkable, and un-copyrightable concepts include both

Shamblin and Ray's use of concepts and phrases like a "way of escape" derived from the widely cited Bible passage found in I Corinthians 10:13, "bowing down" to food, making food an "idol" and making food "behave."

RFC should not be permitted to introduce evidence that would be improper, irrelevant, and misleading under Federal Rules of Evidence 402 and 403. Use of un-copyrightable concepts and short phrases would serve no purpose other than to confuse the jury. Indeed, anyone is permitted to compete in the market by writing an original work that uses the basic building blocks and *scènes à faire* common to weight loss. RFC appears to base its unfounded claims against Ray because she is a new market competitor and happens to occasionally use similar building blocks, even though the overall themes, principles, structure and tone of *Waist Away* are radically different than Weigh Down.[1] RFC should not be permitted to confuse the jury and distract them from looking at the work as a whole by putting on evidence of cherry-picked uncopyrightable short phrases. Indeed, it is hard to imagine that *any* competitor work discussing weight loss in the faith-based inspirational market would not also contain instances of similar short phrasing.

Similarly, RFC appears to intend to introduce other improper evidence that would serve no purpose other than to confuse the jury. For example, RFC intends to cite to similar stories between the works about visiting fast-food restaurants, intends to put on evidence that is clearly hearsay from Internet postings, intends to put on evidence from another work of Shamblin, *The Tablet*, that is irrelevant, and intends to put on evidence of an unrelated and unresolved lawsuit pending in Texas. For the reasons set forth below, such evidence should be excluded and not permitted during

---

[1] Although outside the scope of the present motion, the specious nature of RFC's claims is perhaps best demonstrated by the fact that RFC's corporate designee speaking on behalf of RFC admitted that he did not even read *Waist Away* prior to filing the claims against Ray, and even on the day of his July 11, 2019 deposition *still* had not read Ray's book, which he repeatedly claimed was infringing. Similarly, Shamblin herself, who was one of the "shepherds" of RFC that "approved" the filing of the claims against Ray, also did not read *Waist Away* prior to the filing of RFC's counterclaim for infringement.

trial.

## ARGUMENT

### A. All Evidence Relating to Short Words and Phrases, Biblical References, and Other Non-Original Content Should be Excluded from Trial.

Ray has reason to believe that RFC will attempt to introduce evidence concerning the phrases and a litany of Biblical references in an attempt to demonstrate "substantial similarity" between *Weigh Down* and *Waist Away*. Because all of the foregoing evidence is either non-copyrightable or otherwise not-original to Shamblin, it should be excluded from trial.

*1. References to Short Phrases Should be Excluded.*

As referenced, RFC intend to introduce evidence allegedly showing that Ray has infringed on a number of short phrases. Among the short phrases, includes the following:

"**thin eater**";

a "**way out**" or a "**way of escape**";

"**don't blame the food**";

"**better than the binge**";

the religious concept of "**bowing down**";

making food an "**idol**"; and

making food "**behave**."

Shamblin is not the originator of most if not all of these short phrases, and these phrases are commonly used in the genre of faith-based and inspirational weight loss. For example, regarding making food "behave," a quick Internet search demonstrates that this concept is commonly used by the public in the weight loss genre. *See* **Exhibit A** (listing ten examples on page one of five).

Further, even if these short phrases were somehow original to Shamblin (and they are not), RFC cannot claim copyright protection on any one of them as a matter of law. As the Supreme

Court has pointed out, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991). Short phrases are squarely the sort of "elements" within a copyrighted work that are not protected material in and of themselves. Indeed, the Code of Federal Regulations explicitly identifies "short phrases" as "[m]aterial not subject to copyright." 37 C.F.R. § 202.1(a).

This makes sense. The purpose of copyright protection is to foster "the creative activity of authors and inventors by the provision of a special reward, and to allow the public access to the products of their genius," *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984), which is why only those works that "are the fruits of intellectual labor" are subject to protection. *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879). If short phrases like a "way out" were copyright protected, then judicial economy would be in complete disarray. Any combination of a few words takes little to no creative effort, and just one of those combinations would subject endless numbers of other works that use that same combination of words to copyright violation. *See Syrus v. Bennett*, 455 Fed. Appx. 806, 809 (10th Cir. 2011) (reasoning that "words and short phrases generally do not qualify for copyright protection" because copyright seeks to protect only creative and intellectual works).

Any reference to the short phrases identified above and any other short phrase should be excluded at trial for use in showing any substantial similarity between the works on either the copyright or contract claims. Similarly, such short phrases should also be excluded regarding the unfair competition claim because there is no evidence than any of these phrases have acquired any secondary meaning, they have not been used as a mark, and there is no evidence of customer confusion as to the source of goods.

2. *All References to the phrase "thin eater" should be excluded from trial.*

Although referenced above as part of the short words and phrases category, it is worth specifically addressing the phrase "thin eater" given the amount of oxygen RFC has expended condemning Ray's use of those two words. Indeed, RFC highlights the fact that *Weigh Down* and *Waist Away* both contain substantial usage of the phrase "thin eater" as foundational evidence of copyright infringement on the part of Ray. RFC boldly asserts that Shamblin was the originator of the phrase "thin eater." (Defs.' Countercl. ¶ 8) (stating that the phrase "thin eater" was one "that Shamblin developed herself."). Defendant's expert Robert Wallace purported to find no earlier usage of the phrase "thin eater" than *Weigh Down*, and also claimed that Shamblin "coined" that phrase. (Wallace Rep. at 13, excerpt attached as **Exhibit B**.) Yet, all of these assertions amount to little more than empty bluster.

But facts tend to weigh more than bluster. In fact, as a result of a simple Google Books search, there are at least **seven (7)** books that used the phrase "thin eater(s)" years before Weigh Down was even published.[2] *See* **Exhibit C** for non-exhaustive examples. This fact alone should end any inquiry over whether copyright infringement over the phrase "thin eater" took place here, assuming such a phrase was copyrightable, and it is not.

For well over a century, the Supreme Court of the United States has maintained that *originality* is the linchpin of copyright protection. *See Feist Publ'ns, Inc.*, 499 U.S. at 345-46 ("The *sine qua non* of copyright is originality."); *Harper & Row, Publrs. V. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[C]opyright is limited to those aspects of the work . . . that display the stamp of the author's originality."); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 58 (1884)

[2] RFC asserts in its counterclaim that *Weigh Down* was published in 1996. The following are works that use the phrase "thin eater" prior to 1996: Barbara Debetz, *Your Diet Coach* 92-93, 183 (1989); Barbara Debetz & Samm Sinclair Baker, *The Dr. Debetz Champagne Diet: The Medically Proven Program for Total Weight Control* 12, 26-27 (1986); Karen Darling, *Weight No More* 13-14, 66 (1984) Francie M. Berg, *How to Be Slimmer, Trimmer and Happier: An Action Plan for Young People With a Step-By-Step guide to Losing Weight Through Positive Living* 81 (1983); Bob Schwartz, *Diets Don't Work* 86, 91 (1982); Edward M. Marshall, *The Marshall Plan for Lifelong Weight Control* 13, 101-02 (1981); Michael Nash, *Runner's World Height Control Book* 29 (1981).

(emphasizing that copyright protections are limited to only the "original intellectual conceptions of the author."); *Trade-Mark Cases*, 100 U.S. 82, 94 (1879) (stating that "originality is required" for a work to be subject to copyright protections). In other words, any work that does not "owe[] its origin to the author" will not qualify for copyright protection. *See Reader's Digest Assoc. v. Conservative Digest, Inc.*, 821 F.2d 800, 807 (D.C. Cir. 1987) (quoting *Alfred Bell & Co. v. Catalda Fine Arts, Inc.*, 191 F.2d 99, 201 (2d Cir. 1951)).

A party seeking to prove copyright infringement may establish "originality" by showing that his or her work was "[1] independently created by the author (as opposed to copied from other works) and [2] that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345. In regard to the first prong of this two-part test, Shamblin's claim to be the "originator" of the phrase "thin eater" fails at the outset. As mentioned previously, several other authors used the phrase "thin eater" in other works years prior to the publication of Shamblin's original work. Accordingly, because "thin eater" is not original to Shamblin, that phrase is "not copyrightable" and thus irrelevant to this suit as a matter of law. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1259 (9th Cir. 1999).

However, even if one were to put the fact that several other dietary authors used the phrase "thin eater" prior to Shamblin's work to the side and assuming, *arguendo*, that Shamblin was the "originator" of "thin eater," that phrase is nevertheless a *short phrase* that is not subject to copyright. *See supra* section 1. Thus, even if Shamblin could plausibly claim to be the originator of the phrase "thin eater" (and she most certainly cannot), that fact would be irrelevant as a matter of law because "thin eaters" is a short phrase that is not subject to copyright protection. 37 C.F.R. § 202.1(a).

RFC should not be permitted to use evidence of a short phrase that Shamblin did not even

come up with to attempt to substantiate their claim for copyright infringement. Although the learned Judges of this Court may be able to discern that the substantial usage of the phrase "thin eater" in both *Weigh Down* and *Waist Away* is entirely permissible and not within the scope of copyright infringement, lay members of the jury may be misled to believe that the Ray somehow impermissibly borrowed the phrase from Shamblin in writing *Waist Away* in rendering its verdict.

3. *All References to "Bowing Down" Should be Excluded.*

Wallace's Expert Report also stresses that Ray's single use of the phrase "bowing down" in *Waist Away* is evidence of copyright infringement, pointing to the fact that *Weigh Down* uses that very phrase in multiple different contexts, again boldly asserting that Shamblin supposedly originated the phrase "bowing down to food or the scale." This contention, however, suffers from the same deficiencies as the previous claims surrounding the phrase "thin eaters" in that it is both *not* original to Shamblin and is also a short phrase that cannot be copyright protected.

To reiterate, a plaintiff pursuing a claim for copyright infringement cannot succeed absent some showing of originality. *Feist*, 499 U.S. at 345 ("To qualify for copyright protection, a work must be original to the author."). With another simple Google Books search, it is evident that the concept of "bowing down" in the dietary context was employed at least once by an author other than Shamblin prior to the publication of *The Weigh Down*. In Dr. Judi Hollis' *Fat is a Family Affair: How Food Obsessions Affect Relationships*, first published in 1985, the very phrase "bowing down" was used in relationship to "the scale" in a manner nearly identical to which Shamblin herself used the phrase. The relevant portion of Dr. Hollis' book says: "You must be ready to have a totally new relationship with food. *Bowing down to a scale* every morning is all part of the obsession. That very behavior must stop. *You have made the scale your god*." Judi Hollis, *Fat is a Family Affair: How Obsessions Affect Relationships* 22 (1st ed. 1985). *See* **Exhibit**

**D**. This alone should end the discussion on whether Shamblin has any copyright claim to the concept of "bowing down" to certain idols within the dietary context.[3]

Moreover, like "thin eaters," "bowing down to" is a short phrase that does not qualify for copyright protection. As has been discussed, short phrases are expressly precluded by the Code of Federal Regulations and by case law from copyright protection. *Supra* **section 1.** Because Shamblin cannot credibly claim that she originated the religious concept of refusing to "bow down" to certain "idols," any evidence of Ray's usage of the phrase should be excluded, as it would only waste the Court's time and resources and would undoubtedly confuse the trier of fact in the course of proceedings.

4. *All Biblical References Should be Excluded.*

Wallace also purported to be struck by the usage of common Biblical passages by both *Weigh Down* and *Waist Away*. Because Shamblin is self-evidently not the author of any of the Biblical passages referenced in Wallace's report, she cannot claim any copyright to those passages for purposes of this case. Moreover, because the organizational structure, translations, and contexts between *Waist Away's* usage of certain Scriptural passages vary greatly from Shamblin's usage of the same passages, Shamblin also cannot further claim any copyright violation based on a theory of creative "compilation."

Indeed, the Biblical concepts cited by Shamblin are not particularly unique or special to her work and can be easily found on the Internet and other books discussing similar concepts. For example, RFC claims that it has a copyright in the concept of a "way of escape" derived from the

---

[3] The fact that Shamblin used the concept of "bowing down" in relation to objects other than the scale (e.g. "food" or "the refrigerator") is immaterial. The only passage of *Waist Away* that uses the phrase "bowing down" is on page 96, where it says "[w]e're bowing down to a piece of pizza or an ice cream cone." No portion of Shamblin's talks about bowing down to "a piece of pizza or an ice cream cone." Once Shamblin concedes, *as she must*, that she used the phrase "bowing down" in relation to "the scale" in a manner nearly identical to that employed in Dr. Hollis' *Fat is a Family Affair*, then Shamblin cannot dictate to Ray (or anyone else) the universe of contexts by which she may use the phrase "bowing down" in her work.

widely cited Bible passage found in I Corinthians 10:13. However, a quick Google search reveals that this phrase and verse are commonly used as a technique for dealing with the "temptation" of food in faith-based and inspirational works. *See* **Exhibit E**.

As another example, RFC claims that the citation to Proverbs 27 with relation to the "law of diminishing returns" is unique to her. However, and again, basic Internet searches reveal that this is a commonly used concept, not subject to copyright, and regularly used by others in similar contexts. *See* E**xhibits F**, **G** and **H**.

RFC claims that Shamblin originated the notion that food can be a "false god," but yet again the Internet betrays her theory. One can easily find, for example, a published article from 1988, well before Shamblin's book, describing the damages of food being a "false god." *See* **Exhibit I**.

RFC claims that Shamblin was the first to describe food as being an "idol," yet the Internet is replete with many examples of authors explaining this basic premise. *See* **Exhibit J** (showing ten examples on pages one of ten).

In sum, RFC's examples of "similar" uses of the Bible are not similar at all, and instead refer to vanilla concepts for which RFC holds no copyright and are nothing but ideas and principles for which no copyright can be obtained. Therefore, the Court should exclude RFC from citing any examples from the Bible as alleged bases for infringement because such evidence would serve no purpose other than to confuse the jury.

**B. All Evidence Relating to Generic Phrases on the Book Covers Should be Excluded.**

Although RFC seems to blur the legal issues, it appears that RFC intends to cite examples of the alleged "similarities" between the book covers as examples of either infringement of unfair competition. For example, Shamblin explained in her deposition that the fact both *Weigh Down*

(**Exhibit K**) and *Waist Away* (**Exhibit L**) use the color "red" on their book covers is an example of something improper, although it is unclear what that is. But the color "red" is neither subject to copyright nor is a competitor's use of that color an example of "unfair competition."

Similarly, RFC takes issue with the fact that both books use the words "inspirational way to lose weight" on their covers. RFC conveniently ignores that both authors couple that line with additional unique qualifiers. Ray's book says, "*The* Inspirational Way to Lose Weight *Through Intermittent Fasting*" (emphasis added). On the other hand, Shamblin's books says, "Inspirational Way to Lose Weight*, Stay Slim, and Find a New You.*" Such phrasing is clearly distinguishable, but that is not the standard. To constitute unfair competition, again, RFC would have to show that the merely descriptive middle words "inspirational way to lose weight," had somehow acquired a secondary meaning apart from their qualifier words (no evidence supports this), that those words were used as a mark (they clearly were not), and that customers have been confused as a result. Indeed, the *only* evidence provided to date demonstrated the *opposite* of customer confusion – the Amazon and 700 Club reviews and podcast cited by RFC (discussed below) demonstrate that the public is readily aware that source of Shamblin's work is Shamblin and the source of Ray's work is Ray.

Further, as explained above, such short phrasing is not generally subject to copyright. Even if it was, Shamblin is not the only one to use such phrase. *See*, *e.g.*, **Exhibit M** (Amazon listing of a book described as "An Inspirational Way to Lose Weight and Enjoy It"). The phrasing "inspirational way to lose weight" is irrelevant as a matter of law, is of no use to the fact finder, and reference to the same should be excluded from trial.

Finally, RFC may attempt to introduce evidence that the cover of *Weigh Down* contains the words, "Escape the Slavery of Dieting" and *Waist Away* contains the words, "Escape The

Slavery of Yo-Yo Dieting." Again, there is no evidence of any secondary meaning or use of these words as a mark or evidence of confusion. Such phrasing is generally not subject to copyright, but even if it was, Ray has changed it so that it is not the same by adding "yo-yo." Further, Ray's exact phrasing is in usage by the general public. For example, a quick Internet search reveals a blogger discussing how to "Stop the Slavery of Yo-Yo dieting." **Exhibit N**.

In sum, any evidence by RFC of run-of-the-mill and cherry-picked examples of short phrases that are similar between two books in the same genre of faith-based and inspirational weight loss is unremarkable, uninteresting, and unactionable as a matter of law, and therefore it serves no purpose other than to confuse the jury and should be excluded.

**C. All Evidence Relating to Comparisons Between Shamblin's "McDonald's" Story and Ray's "Burger King" Story Should be Excluded.**

Ray has reason to believe that RFC will introduce evidence concerning comparisons between Shamblin's McDonald's story and Ray's Burger King story in an attempt to prove their case for copyright infringement. At the outset, the fact that two authors discussing weight loss both cite stories warning of the dangers of fast-food restaurants is hardly novel, much less material substantiating copyright infringement. But regardless, each story individually constitutes a recitation of historical *fact*, and not a manifestation of any creative "expression" subject to copyright protection, any reference to these stories should be excluded in this case.

The Supreme Court and the Fourth Circuit have repeatedly established that facts are not subject to copyright protection. *See Harper*, 471 U.S. at 556 ("[N]o author may copyright his ideas or the facts he narrates."); *Bond v. Blum*, 317 F.3d 385, 394 (4th Cir. 2003) ("[A] copyright does not secure an exclusive right to the use of facts, ideas, or other knowledge."); *Superior Form Builders*, 74 F.3d at 492 ("[C]opyright protection does not extend to ideas or facts, even if such facts were discovered as the product of long and hard work.") (internal citation omitted). In

explaining why facts are not subject to copyright, the *Feist* Court succinctly put it this way:

> No one may claim originality as to facts. This is because facts do now owe their origin to an act of authorship. The distinction is one between creation and discovery: The first person to find and report a particular fact has not created the fact; he or she has merely discovered its existence. To borrow from *Burrow-Giles*, one who discovers a fact is not its "maker" or "originator." The discoverer merely finds and records.

*Feist*, 499 U.S. at 347 (internal citations and quotation marks omitted).

The McDonald's story in Shamblin's original work is a recitation of fact, as she merely retells an actual encounter she had with another individual at a McDonald's restaurant wherein she finished her meal before the other individual finished half of hers. Accordingly, based on the teachings of the Supreme Court and the Fourth Circuit, even if Ray had retold Shamblin's McDonald's story *verbatim* in *Waist Away* rather than describe her own experience at Burger King, such action would still not constitute impermissible infringement of Shamblin's copyright. However, and to the contrary, Ray retold *her own* factual experience of an encounter at a different restaurant, with a different individual, and with different dialogue between the individuals involved in each respective story. *See* the declaration of Ferri Decatur, attached as **Exhibit O**.

Shamblin only has a potential copyright interest in her creative expressions, not in actual historical events. Ray's recitation of her own experience at Burger King is nothing more than a historical fact from Ray's personal experience. Neither the McDonald's nor the Burger King story are protectable by copyright, thus the Court should exclude any reference to either of them.

**D. All Evidence of Comments on the Amazon.com Page for *Waist Away*, Comments on the 700 Club Website, a Podcast and Other Social Media Forums Should Be Excluded from Trial.**

Ray has reason to believe that RFC will offer evidence at trial of certain comments on the Amazon.com page for *Waist Away,* comments from the 700 Club website, comments from other social media platforms, and a podcast comparison by "the Onyx Life" located on iheart.com

(collectively, "Social Media Comments and Reviews") that purport to observe similarities between *The Weigh Down* and *Waist Away*. Specifically, because these comments are impermissible hearsay in violation of Federal Rule of Evidence 802, Shamblin should not be permitted to make any reference to nor provide any documentation of these comments at trial. *See* Fed. R. Evid. 802 (hearsay generally inadmissible).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." *United States v. Williams*, 41 F.3d 192, 199 (4th Cir. 1994). Rule 802's general prohibition of hearsay is "'premised on the theory that out-of-court statements are subject to particular hazards,' including dangers of insincerity, ambiguity, erroneous perception, and faulty memory." *United States v. Udeozor*, 515 F.3d 260, 267 (4th Cir. 2008) (quoting *Williamson v. United States*, 512 U.S. 594, 598 (1994). Accordingly, there is "a presumption that hearsay will not be admitted into evidence in federal courts." *Cisson v. C.R. Bard, Inc.*, 810 F.3d 913, 923 (4th Cir. 2016).

The Social Media Comments and Reviews here are plainly hearsay. They are a compilation of out-of-court statements from individuals (one of whom is unidentified, *i.e.*, the "Kindle Customer") designed to support the truth of Shamblin's central allegations: that Ray purportedly committed copyright infringement. Because the social media comments here do not fall within any of the exceptions to Rule 802, *see generally* Fed. R. Evid 803, 804, and 807, the Court should exclude them from trial, as well as any other social media comment not known to Ray or to the Court at this time. Much like the social media comments, the podcast reviews should be excluded for the same reasons as it is nothing more than two individuals discussing and comparing both books, all of which is not under oath and out of court.

In addition to hearsay, there is a separate and independent reason the Social Media

Comments and Reviews should be excluded from trial. The Social Media Comments and Reviews cannot support a claim of copyright infringement since they are nothing but opinions from non-expert lay witnesses. Such statements would necessarily go to the extrinsic test, since the intrinsic test is left to the fact finder. But a non-expert lay witness can no more testify to the "substantial similarity" of two works than a bystander of a car accident could testify as to who they think was "negligent" in causing the wreck. Such testimony would be improper and should be excluded.

Similarly, the Social Media Comments and Reviews cannot be used to show evidence of unfair competition since the only necessary evidence would be that of source-confusion, and the proffered Social Media Comments and Reviews do nothing of the sort. Each of the Social Media Comments and Reviews actually demonstrates a clear understanding of the consumer that they are well-aware of the correct source of goods, i.e., that Shamblin is the source of Weigh Down and Ray is the source of Waist Away.

Therefore, the Social Media Comments and Reviews are hearsay and irrelevant as a matter of law and should be excluded at trial.

### E. All References to *the Tablet* Should Be Excluded from Trial to the Extent RFC Claim Ray Violated Any Property Rights from That Work.

Based upon opposing counsel's deposition of Ray, Ray has reason to believe that RFC intends to introduce evidence that Ray has allegedly violated RFC's intellectual property rights in another book, specifically, *the Tablet*. *The Tablet* is another of Shamblin's works purportedly authored in 2014. *See* Counterclaim ¶ 12 (ECF 22). Specifically, counsel for RFC has indicated that RFC's claims include claims that Ray's violation of property rights encompassing in *the Tablet* fall under RFC's unfair competition claim. The counterclaim wholly fails to allege any claims involving *the Tablet* and, in fact, only mentions *the Tablet* one time in paragraph 12, which passively states that Shamblin has authored other books to include "*The Tablet* and . . . *Rise Above:*

*God Can Set You Free from Your Weight Problems Forever.*" The Counterclaim fails to put Ray on notice that RFC's claims involve material from works other than the *Weigh Down Diet* as required by the Federal Rules of Civil Procedure; thus, any such references to *the Tablet* for that purpose should be excluded from trial.

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard requires that the complaint state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

There is no facial plausibility in the facts alleged in the counterclaim that could draw any reasonable inference that Ray has misappropriated any material located in *the Tablet*. As stated, *the Tablet* is only mentioned in passing one time in the entire counterclaim and by all appearances was only referenced as an introductory passage to show that Shamblin authored books other than *Weigh Down*. Def. Counterclaim, ¶ 12 (ECF 22). Indeed, the counterclaim under Count III for unfair competition incorporates all of the previous allegations and then claims that "Plaintiff's actions, as set forth herein . . . constitute unfair competition." *Id.* at ¶¶ 52–3. Upon review of the entirety of the counterclaim, the only "Plaintiff's actions" that RFC has alleged have all dealt with alleged copying of terms and phrases from the "Original Work." RFC specifically defines the "Original Work" as being *Weigh Down*, not any of Shamblin's other works.

RFC should not be allowed to introduce evidence relating to claims that RFC did not plead in its counterclaim. Under the pleading standard, RFC must have pled facts to support any claims

of misappropriation from *the Tablet*. Mere catch-all recitations of the elements of unfair competition, such as what is found in Count III of the counterclaim, are wholly insufficient under well-established law. *See*, *e.g.*, *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal brackets and quotations omitted). Because the counterclaim fails to plead the necessary facts to support unfair competition of material derived from *the Tablet*, all reference to *the Tablet* for this purpose should be excluded from evidence.

### F. All References to *NS412, LLC v. Chantel Ray* Should Be Excluded from Trial.

Based upon production during discovery and direct questioning during opposing counsel's deposition of Ray, Ray has reason to believe that Shamblin will make reference to *NS412, LLC v. Chantel Ray*, Civil Action No. 18cv2363 (the "Texas suit"), a case pending in the United States District Court for the Northern District of Texas at trial. Any reference to the Texas suit should be excluded for lack of relevance in violation of Federal Rule of Evidence 402.

Like many of the other Federal Rules of Evidence, the primary purpose of Rule 402 is to ensure "that irrelevant evidence does not unfairly prejudice the trial." *Magnivision Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997). Evidence is only relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Any evidence that does not satisfy both of the foregoing prongs is "irrelevant" and therefore "not admissible." Fed. R. Evid. 402. Because the Texas suit does not satisfy either prong of the test for relevance, it is inadmissible in this case.

The Texas suit is an unadjudicated lawsuit pending a motion to dismiss for lack of personal jurisdiction and improper venue. No judgment has been rendered on the merits, and even assuming

that the Northern District of Texas finds that it has jurisdiction, the verdict could very well sway in Ray's favor. Regardless, *even if* Ray were to experience an unfavorable decision in the Texas suit, that would have absolutely no bearing to the merits of the present case. In other words, copyright infringement of NS412's material—which Ray expressly denies—does not and cannot translate to copyright of Shamblin's book *Weigh Down*. In this way, inclusion of any reference to the Texas suit does not "make a fact more or less probable than it would be without [it]" and moreover is of "no consequence in determining the action." *See* Fed. R. Evid. 402. Accordingly, Shamblin should not be permitted to make reference to the Texas suit at any stage during the trial.

**CONCLUSION**

This Court should grant Ray's Motion in Limine and enter an order: (1) excluding all short words and phrases, non-original phrases, and biblical references as being irrelevant as a matter of law; (2) excluding references to the "similarities" of the color red and short phrases on the book covers; (3) excluding all references to the Burger King and McDonald's story as being irrelevant as a matter of law; (4) excluding all hearsay in the form of social media commentary or podcast reviews or any other online reviews; (5) excluding all references to *the Tablet* as being in violation of FRCP 8(a); and (6) exclude any and all references to the Texas Suit.

Respectfully Submitted,

**CHANTEL RAY FINCH**

By: /s/ Justin R. Burch

Christopher D. Davis (VSB #74809)
Justin R. Burch (VSB #92135)
DAVIS LAW, PLC
1403 Greenbrier Pkwy, Suite 225
Chesapeake, VA 23320
Telephone number: 757-410-2293

Fax number: 757-257-8614
chris@davislawplc.com
justin@davislawplc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2019, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Thomas Ryan Lynch (VSB # 73158)
Stephanie Diane Scruggs (VSB # 70288)
BRADLEY ARANT BOULT CUMMINGS, LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
Tel: (202) 719-8 228
Fax: (202) 719-8328
Email: tlynch@bradley.com
Email: sscruggs@bradley.com
*Counsel for Gwen Shamblin, Weigh Down Workshop Ministries, Inc. and "Weigh Down Ministries"*

/s/ Justin R. Burch
Justin R. Burch, Esq.